# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| JANESSA GRAYSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| VALOR BRANDS, LLC. DBA ) | JURY TRIAL DEMANDED |
| ONTEX ) | |
| ) | |
| DEFENDANT(S). ) | |

## COMPLAINT

## JURISDICTION

1. Plaintiff brings this action for damages, and reasonable attorney fees against Defendants Valor Brands, LLC. dba Ontex ("Defendants") for violations of rights under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA"), the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

4. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2021; the EEOC has not yet issued its Notice of Right to Sue.[1]

5. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

6. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

7. This suit is authorized and instituted under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA").

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act. The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC.

**PARTIES**

9. Plaintiff, Janessa Grayson, ("Plaintiff" or "Grayson") is a resident of Cobb County, Georgia, and performed work for the Defendant in the counties

---

[1] Plaintiff files this Complaint having not yet received the Right to Sue to preserve claims with an earlier statute of limitations. Plaintiff will amend the complaint after receiving the Right to Sue.

composing the Northern District during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Atlanta Division.

10. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

11. At all times relevant to this Complaint Plaintiff was engaged in interstate commerce.

12. Defendant Valor Brands, LLC. dba Ontex ("Defendant") is a company registered and doing business in the State of Georgia and has sufficient minimum contacts with the State of Georgia. It is subject to service of process in Georgia.

13. During all times relevant hereto, Defendants has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

14. Defendant had more than 500 employees during the year before the events outlined in this complaint and continues to maintain at least that many employees.

15. Defendants may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at Corporation Service Co, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

16. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

17. During the three years preceding filing this Complaint, Defendant was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

18. During the three years preceding filing this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle or work on goods moved in and/or produced in commerce.

19. Defendant's gross annual revenue exceeds $500,000.

20. Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

**FACTS**

21. Grayson incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

22. Grayson began working for the Defendant on or about October 9, 2017, as HR Manager.

23. All of Grayson's performance appraisals met or exceeded expectations.

24. Defendant never disciplined Grayson during her employment.

25. In March of 2020, Defendant assigned Grayson to work on the acquisition of a plant in Reidsville, NC.

26. During the transition, Grayson managed all the Human Resources functions for the plant as well as the transition from the plant's prior ownership.

27. In September of 2020 Defendant hired Terry Nicholson, a male to be the Human Resources Manager in the North Carolina Plant.

28. When the Defendant hired Nicholson, it paid him $115,000.00.

29. Grayson's pay as a Human Resources Manager was only $93,865.00.

30. In August 2020, Grayson made a presentation to the company asking them to raise her salary because of her performance and the market conditions indicated that she was being paid below market for her work.

31. Other people who were at Job Level D but were not black women who also reported through the same compensation manager, Piet Hendricks, were given increases.

32. The company declined to increase Grayson's pay.

33. In June of 2021, Nicholson, left the company.

34. After Nicholson left the company, Grayson resumed his duties in addition to her own.

35. On October 4, 2021, the company hired Evette Cooper a white person to be the Human Resources Manager in the North Carolina Plant.

36. Defendant paid Cooper $110,000.00.

37. Grayson's pay remained lower than people who did the same work as her until she resigned from the company on December 1, 2021.

38. Although Defendants purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

39. Others outside of the Plaintiff's protected class, i.e., race, were treated differently.

40. Others outside of the Plaintiff's protected class, men, were paid more for the same work.

## COUNT I TITLE VII – RACE DISCRIMINATION – PAY DISCRIMINATION

41. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

42. Plaintiff is a person of African ancestry the race colloquially referred to as "Black."

43. Plaintiff was qualified for t position of Human Resources Manager.

44. Plaintiff performed the duties of Human Resources Manager in a satisfactory or better manner.

45. Despite Plaintiff's performance and qualifications, Defendant paid her less than people who were outside her protected class.

46. Plaintiff's race was a motivating factor in Defendant's decision to pay her less than her peers who were not "Black."

47. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continued to lose pay until she resigned.

48. Defendant's actions in paying her less than people outside her protected class violated Title VII.

## COUNT II 42 U. S. C. § 1981 PAY DISCRIMINATION

49. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

50. Plaintiff is a person of African ancestry, the race colloquially referred to as "Black."

51. Plaintiff was qualified for the Human Resources Manager position.

52. Plaintiff performed the duties of Human Resources Manager in a satisfactory or better manner.

53. Despite Plaintiff's performance and qualifications, Defendant paid her less than people who were outside her protected class.

54. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continue to be paid less until she resigned.

55. Defendant's decision not to pay Plaintiff as much as her peers outside the protected class was made, in whole or part, because of his race.

56. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

COUNT I:  VIOLATION OF THE EQUAL PAY ACT

57.

58. Plaintiff re-alleges paragraphs ___ as if set forth fully herein.

59.

60. Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing equal work.

61.

62. Plaintiff received substantially less compensation than male employees with less experience than their, because of their sex.

63.

64. Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

65.

66. Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act.

C. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

D. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act.

E. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

F. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

G. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Fair Labor Standards Act;

H. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

I. Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

J. Attorneys' fees and costs;

K. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

L. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

/s/ Kira Fonteneau
Georgia Bar No. 103355

**OF COUNSEL:**
Barrett & Farahany
PO Box 530092
Atlanta, GA 30353
kira@justiceatwork.com

## PLEASE SERVE DEFENDANT AS FOLLOWS

**Valor Brands LLC d/b/a Ontex**

**c/o Corporation Service Company**

**2 Sun Court, Suite 400**

**Peachtree Corners, GA 30092**